UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CURRENCY $67,344.93 REMITTED
TO THE UNITED STATES MARHSALS
SERVICE FROM CHASE ACCOUNT
ENDING IN 0852, *et al.*,

    Defendants in rem.
_____/

Case No. 2:23-cv-11368
U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## ORDER IMPOSING ATTORNEY'S FEES

The Government, Third-Party Petitioner Big Boy Restaurant Group, LLC, Third-Party Petitioner Big Boy Restaurant Affiliates, LLC, Third-Party Petitioner Big Boy Food Group, LLC, and Third-Party Petitioner Mostafa M. Afr, PhD, CPA (deceased) have been engaged in settlement negotiations for over a year. The parties have repeatedly represented to the Court that they are close to reaching a settlement. Yet new, "unexpected" issues continue to arise, frustrating progress toward a final resolution of this case.

Most recently, at the Court's December 10, 2024 status conference, the parties

informed the Court that they had reached a final settlement agreement and that the only remaining issue was Main Justice's approval of the settlement. Nevertheless, at the Court's January 13, 2025 status conference, the Government informed the Court that Main Justice has imposed a new "condition" to the agreement. At this juncture, it is clear the prolonged delay in reaching a final settlement is not a matter of the parties being on the brink of resolution. Rather, it reflects a lack of commitment to an efficient resolution of this matter, which has frustrated the Court's management and disposition of the case.

"Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). These powers include "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). The assessment of attorney's fees is one such sanction. *Goodyear*, 581 U.S. at 107. The attorney's fee must be compensatory in nature, meaning the aggrieved party may recover "only the portion of his fees that he would not have paid but for" the misconduct. *Id.* at 109 (quoting *Fox v. Vice*, 563 U.S. 826, 836 (2011)). In determining the attorney's fee amount, the district court "may take into account [its] overall sense of a suit, and may use estimates in calculating and allocating an

2

attorney's time." *Fox*, 563 U.S. at 838; *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010) ("Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge[.]").

For the reasons stated on the record at the Court's January 13, 2025 status conference and in this Order, it is hereby ORDERED that if the parties do not execute a final settlement agreement by January 20, 2025, the Government shall pay the attorney's fees Third-Party Petitioners Big Boy Restaurant Group LLC, Big Boy Restaurant Affiliates, LLC, Big Boy Food Group, LLC, and Mostafa M. Afr, PhD, CPA (deceased) incurred for their attorneys' appearances at the January 13, 2025 status conference. The Government shall pay Third-Party Petitioners a total of $1,500 in attorney's fees.[1] Furthermore, should the parties reach a settlement, they shall inform the Court by submitting a Joint Stipulation on CM/ECF by January 20, 2025 at 12:00 P.M.

SO ORDERED.

Dated: January 14, 2025 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

---

[1] Three attorneys—Walter Piszczatowski, Shereef Akeel, and Adam Akeel—appeared at the status conference on behalf of Petitioners. This $1,500 figure estimates a $500 attorney's fee per attorney ($500 x 3 = $1,500) for their appearance at the status conference.

3

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 14, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager